**GLOBAL LEGAL LAW FIRM**
James C. Huber, Esq. (SBN 269488)
jhuber@attorneygl.com
Bradley C. Crosley (SBN 253494)
bcrosley@attorneygl.com
322 Encinitas Blvd, Suite 200
Encinitas, CA 92024
Telephone: (888) 846-8901
Facsimile: (888) 846-8902

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC., a Delaware Corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>JUDANG TEAM LLC, a Florida Limited Liability Company; PERFEOS LLC d/b/a SHOP AT MARS, a Florida Limited Liability Company; JOT & JOURNEYS aka JOT & JOURNEY, an unincorporated Florida business; and ANTONIO JOSÉ LIÉVANO, in his individual capacity and d/b/a "Judang Team," "Jot & Journeys," and "Shop at Mars,"<br>*Defendants.* | Case No: 3:25-cv-05156-TSH<br><br>Judge:    Thomas S. Hixson<br><br>**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR ALL DEFENDANTS**<br><br>Complaint Filed: June 18, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 22, 2026, at 10:00 am, or soon thereafter as the matter maybe heard before the Honorable Thomas S. Hixson, United States District Judge, Courtroom E, of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave, San Francisco, CA 94102, Bradley Crosley and James Huber of GLOBAL Legal Law Firm, attorneys of record for Defendants JUDANG TEAM LLC, a Florida Limited Liability Company; PERFEOS LLC d/b/a SHOP AT MARS, a Florida Limited Liability Company;

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

JOT & JOURNEYS aka JOT & JOURNEY, an unincorporated Florida business; and ANTONIO JOSÉ LIÉVANO, in his individual capacity and d/b/a "Judang Team," "Jot & Journeys," and "Shop at Mars," (hereinafter "Defendants"), shall and hereby does respectfully seek leave of this Court, Pursuant to Local R. 11-5(a), and in compliance with California Rules Professional Conduct, Rule 3-700, and California Civil Procedure Section 284(2), to withdraw as counsel for Defendants.

The Motion will be based on this Notice of Motion, the supporting memorandum served and filed herewith, the records and file herein, and on such evidence as may be presented at the hearing of this motion.

## MEMORANDUM OF POINT AND AUTHORITIES

### I.   FACTUAL BACKGROUND

This case involved allegations against Defendants JUDANG TEAM LLC, a Florida Limited Liability Company; PERFEOS LLC d/b/a SHOP AT MARS, a Florida Limited Liability Company; JOT & JOURNEYS aka JOT & JOURNEY, an unincorporated Florida business; and ANTONIO JOSÉ LIÉVANO, in his individual capacity and d/b/a "Judang Team," "Jot & Journeys," and "Shop at Mars," (hereinafter "Defendants"), asserted by Plaintiff META PLATFORMS, INC., (hereinafter Meta).

Global Legal Law Firm, (hereinafter Global Legal) was retained by Defendants and filed a Motion to Dismiss in this matter on behalf of Defendants on or about November 6, 2025. ECF No. 33. On November 20, 2025, Plaintiff Meta filed an opposition to the Motion to dismiss, and on November 26, 2025, Defendants filed their reply to Plaintiff's opposition. ECF Nos. 38 and 39. The fully briefed Motion to Dismiss is currently scheduled for hearing on January 15, 2026.

No further filings have occurred. Although a case management conference was previously scheduled for December 18, 2025, that case management conference and related deadlines were vacated by Order Vacating Case Management Conference dated November 17, 2025. ECF No. 37.

On December 2, 2025, and again on December 4, 2025, Global Legal provided notice via electronic mail that it would seek to be relieved as counsel if certain conditions constituting breach of contract were not cured by Defendants. Declaration of Bradley Crosley ("Crosley Decl."), ¶ 3. Following these warnings, on December 8, 2025, Global Legal provided formal notice to the

1  Defendants that it would seek relief and withdrawal as counsel. *Id*. at ¶ 4.

2  There has been an irretrievable breakdown in the attorney-client relationship between Global
3  Legal and the Defendants, and the Defendants have continued to make material breaches of the
4  agreement between counsel and Defendants following multiple warnings. *Id*. at ¶¶ 3-4. Within the
5  formal notice of intent to withdraw, Global Legal advised the Defendants that, absent substitute
6  counsel, the Court may require service of the Defendants to continue to go through Global Legal. *Id*.
7  at ¶ 4. Defendants were also advised about the date, time, and location of the hearing on Defendants'
8  Motion to Dismiss. *Id*. Also on December 8, 2025, Global Legal provided notice to counsel for the
9  Plaintiff. *Id*. at ¶ 5.

10  Defendants and Opposing Counsel have been properly served via electronic service with
11  copies of the motion papers filed with this declaration. *Id*. at ¶ 6. A copy of the proof of service will
12  be filed with the court at least 5 days before the hearing. *Id*.

13  **II.   LEGAL ARGUMENT**

14  Pursuant to Local R. 11-5, "[c]ounsel may not withdraw from an action until relieved by order
15  of the Court after written notice has been provided, reasonably in advance, to the client and to all
16  other parties who have appeared in the case." California Rules of Professional Conduct, Rule 1.16(b)
17  permits withdrawal where "the client by other conduct renders it unreasonably difficult for the lawyer
18  to carry out the representation effectively" or "the client breaches a material term of an agreement
19  with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a
20  reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the
21  agreement or performs the obligation." California Code of Civil Procedure 284(2), provides "[t]he
22  attorney in an action or special proceeding may be changed at any time before or after judgment or
23  final determination, as follows: 1. Upon the consent of both client and attorney, filed with the clerk,
24  or entered upon the minutes; 2. Upon the order of the court, upon the application of either client or
25  attorney, after notice from one to the other."

26  "The decision to permit counsel to withdraw is within the sound discretion of the trial court."
27  *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *1 (N.D. Cal. Aug. 18, 2010)
28  (citations omitted). Courts look at several factors to decide on a motion to withdraw, including: "1)

3
NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR DEFENDANTS

1 the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citations omitted).

On December 8, 2025, Global Legal gave proper notice to Defendants and Opposing Counsel regarding its intent to be relieved as counsel. Crosley Decl., ¶ 4. Global Legal's withdrawal will not cause any prejudice or delay in this case, particularly in light of the beginning stage of this litigation. Following reasonable warning, notice was provided to the Defendants and counsel for Plaintiff. *Id*. at ¶¶ 3-5.

The duration between formal notice and the submission of this Motion is more than a week, and a longer duration would be more likely to cause prejudice due to the pending hearing on the Motion to Dismiss. Similarly, withdrawal at this stage of the litigation is unlikely to cause any harm or prejudice to the Defendants or the Plaintiff in this matter. Material breach of the agreement between counsel and client is a compelling reason for withdrawal. There is no foreseeable harm to the administration of justice, and withdrawal is not likely to cause any delay in light of the current procedural posture of the matter. As such, Global Legal has adequate grounds and good cause to withdraw as counsel from representation of defendants in this matter.

### III.  CONCLUSION

Based on the foregoing, Global Legal Law Firm respectfully requests that this Court grant leave to withdraw as counsel for Defendants, in the above-captioned matter, and enter an order stating that Global Legal Law Firm has withdrawn and is relieved as counsel.

Dated:  December 15, 2025                    **GLOBAL LEGAL LAW FIRM**

                                             By:  */s/ Bradley C. Crosley*
                                                  James C. Huber
                                                  Bradley C. Crosley
                                                  Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, BRADLEY C. CROSLEY, hereby certify that on December 15, 2025, I caused to be electronically filed **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR DEFENDANTS**, with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

Dated: December 15, 2025        **GLOBAL LEGAL LAW FIRM**

By: */s/ Bradley C. Crosley*
James C. Huber
Bradley C. Crosley
Attorneys for Defendants

1
CERTIFICATE OF SERVICE