UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

META PLATFORMS, INC.,

          Plaintiff,

    v.

JUDANG TEAM LLC, et al.,

          Defendants.

Case No.  25-cv-05156-TSH

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL WITH CONDITIONS**

Re: Dkt. No. 43

## I.    INTRODUCTION

Plaintiff Meta Platforms, Inc. ("Meta") brings this action against Defendants Judang Team LLC, Perfeos LLC, Jot & Journeys, and Antonio Jose Liévano (collectively, "Defendants"), alleging that Defendants operated a deceptive and misleading advertising scheme on Meta's social media platforms and improperly obtained advertising credit lines from Meta.  ECF No. 1.

On December 15, 2025, James C. Huber and Bradley C. Crosley (collectively, "Defendants' Counsel") filed a Motion to Withdraw as Counsel for all Defendants.  ECF No. 43.[1] The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the January 22, 2026, hearing.  For the reasons stated below, the Court **GRANTS** the motion.[2]

## II.    BACKGROUND

Meta filed this case on June 18, 2025, alleging that Defendants breached their contracts

---

[1] On January 14, 2026, Darren Cruz entered an appearance for Defendants.  In ECF No. 55, Cruz explained that he did this only because he planned to appear at the January 22 hearing, in place of Crosley, who had since left their firm.  Accordingly, the Court thinks Cruz is also moving to withdraw, and this order applies to him as well.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 13, 32.

with Meta and engaged in fraud.  ECF No. 1.

On December 15, 2025, Defendants' Counsel filed the instant Motion to Withdraw as Counsel, on the ground that Defendants have materially breached their agreement with Counsel. ECF No. 43.  Defendants' Counsel notified Defendants and Meta of Counsel's inability to continue representing Defendants on December 8, 2025.  *See* Declaration of Bradley C. Crosley ¶¶ 4–5 ("Crosley Decl.") (ECF No. 43-1).  Defendants did not file a response to the Motion.  Meta responds that it does not oppose the request so long as the Court orders Defendants' Counsel to accept service on behalf of Defendants until a new appearance is made.  ECF No. 44.

### III.    LEGAL STANDARD

The Local Rules provide that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case."  Civ. L.R. 11-5(a).  The decision to permit counsel to withdraw is within the sound discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  When addressing a motion to withdraw, the consent of the client is not dispositive.  *Robinson v. Delgado*, No. CV02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010).  Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case.  *Id.*

Additionally, the Local Rules mandate compliance with the standards of professional conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); *see also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  Counsel must take steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule of Professional Conduct 1.16(e) (regarding the return of all client materials and property), and complying with all other applicable laws and rules.  *El Hage v. U.S. Sec. Assocs., Inc.*, No. C06-7828-THE, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

### IV.    DISCUSSION

Based on the record in this case, the Court finds withdrawal is appropriate.  California Rule

United States District Court
Northern District of California

2

United States District Court
Northern District of California

of Professional Conduct 1.16 provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation, including where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."  Here, Defendants' Counsel state that "[t]here has been an irretrievable breakdown in the attorney-client relationship between [Counsel] and the Defendants, and the Defendants have continued to make material breaches of the agreement between [C]ounsel and Defendants following multiple warnings." ECF No. 43.  Prior to filing their Motion, Defendants' Counsel warned Defendants on December 2, 2025, and again on December 4, 2025, that Counsel would seek withdrawal if Defendants did not cure their breaches.  Crosley Decl. ¶ 3.  Defendants' Counsel notified Defendants and Meta on December 8, 2025, that Counsel could no longer represent Defendants in this matter. *Id.* at ¶¶ 4–5.  Where, as here, an attorney provides reasonable notice to a client that they will withdraw unless the client cures a material breach, good cause exists to permit the attorney's withdrawal from the case. *See id.* at ¶ 3 (averring Defendants were warned twice about contractual breaches prior to moving to withdraw); *cf. Sec. & Exch. Comm'n v. YouPlus, Inc.*, No. 5:20-cv-04855-BLF, 2024 WL 3906759, at *2 (N.D. Cal. Aug. 19, 2024).

Because the lawsuit is at an early stage, and no case management deadlines have been set, the Court finds that granting Defendants' Counsel's Motion is not likely to prejudice Defendants or delay resolution of the case. *See* ECF No. 43; *cf. 1776 Cap. Fin., LLC v. ADMI, Inc.*, No. 5:24-cv-02667-BLF, 2025 WL 28552, at *2 (N.D. Cal. Jan. 2, 2025).

Moreover, the Court finds Defendants' Counsel have complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct because Counsel provided reasonable advance notice to Defendants and Meta of Counsel's intention to withdraw as counsel of record and provided Defendants time to obtain substitute counsel. *See* ECF No. 43. Therefore, based on this record, the Court finds good cause exists to permit Defendants' Counsel's withdrawal.

United States District Court
Northern District of California

However, Meta opposes Defendants' Counsel's Motion unless the Court orders Counsel to accept service on behalf of Defendants until a new appearance is made. ECF No. 44. Meta states that the reason for its request is that it had difficulty serving Defendants because there are no known physical addresses for Defendants. *Id.* (citing ECF No. 22 (Motion for Alternative Service)). The Local Rules allow for conditional withdrawal, where a court may grant withdrawal "subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or *pro se*." Civ. L.R. 11-5(b). The Court agrees that it is appropriate to impose conditions on Defendants' Counsel's withdrawal given the difficulty Meta encountered in serving Defendants. The Court therefore grants Defendants' Counsel's Motion on the condition that they remain counsel of record pursuant to Civil Local Rule 11-5(b) to serve all filed documents on Defendants until substitute counsel appears on Defendants' behalf.

A corporation can only appear through licensed counsel. *See* Civ. L.R. 3-9(b); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted); *Bourbeau v. Cognitive Code Corp.*, 693 F. App'x 499, 503 (9th Cir. 2017) (affirming district court's dismissal based on corporation's failure to retain counsel). Meta alleges, and Defendants do not dispute, that Judang Team LLC ("Judang") and Perfeos LLC ("Perfeos") are corporate entities. *See* ECF Nos. 1, 33. Judang and Perfeos are advised that failure to retain substitute counsel could result in the entry of default judgment against them. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where corporate defendant failed to obtain substitute counsel); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same). As for Jot & Journeys ("J&J"), Meta alleges, and Defendants do not dispute, that J&J is not a corporate entity but is instead a sole proprietorship owned by Liévano. *See* ECF Nos. 1, 33. A sole proprietorship may proceed *pro se*. *See Brignac v. Yelp Inc.*, No. 19-cv-01188-EMC, 2019 WL 5268898, at *1, 6 (N.D. Cal. Oct. 17, 2019) (explaining Local Rules do not preclude a sole proprietorship from appearing *pro se* and that its owner has standing to bring claim on behalf of

4

sole proprietorship); *see also Ball v. Steadfast-BLK*, 196 Cal. App. 4th 694, 701 (2011) ("A sole owner is a sole proprietorship and a sole proprietorship is not a legal entity separate from its individual owner."). Therefore, assuming that J&J is not a corporate entity, it may either retain substitute counsel or proceed *pro se*.

Finally, because the Court denied Defendants' motion to dismiss (ECF No. 56), the deadline for Defendants to answer the complaint is triggered. *See* Fed. R. Civ. Pro. 12(a)(4). The Court thus *sua sponte* stays the case for 30 days to allow substitute counsel to enter an appearance (or, for Liévano and/or J&J, to elect to proceed *pro se*). *See Nevarez v. Forty Niners Football Co., LLC*, No. 16-cv-07013-LHK, 2019 WL 13148141, at *2–3 (N.D. Cal. Feb. 5, 2019) (describing district court's inherent authority to stay case).

### V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Counsel's Motion to Withdraw as Counsel for Defendants. The Court **STAYS** the case for 30 days.

Because no substitution of counsel has been filed on Defendants' behalf, the motion to withdraw is granted on the condition that Defendants' Counsel remain counsel of record to serve all filed documents on Defendants until a substitution of counsel is filed. *See* Civ. L.R. 11-5(b). For all such documents, Defendants' Counsel shall e-file proof of service within three business days of filing.

The Court **ORDERS** Defendants to file a notice of appearance by new counsel by February 19, 2026. If Liévano and/or J&J elect to proceed *pro se*, they must either provide a valid physical address for service or register for electronic case filing by February 19, 2026.

The Court **ORDERS** Defendants' Counsel to provide a copy of this order to Defendants and file an attestation to that effect no later than January 26, 2026.

**IT IS SO ORDERED.**

Dated: January 20, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

5