James Cai (SBN 200189)
jcai@sacattorneys.com
Airene Williamson (SBN277101)
awilliamson@sacattorneys.com
SAC Attorneys, LLP
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Defendants
PERFEOS LLC d/b/a SHOT AT MARS,
a Florida limited liability company; ANTONIO JOSE LIEVANO,
an individual; and JOT & JOURNEYS aka JOT & JOURNEY, an unincorporated
Florida business

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| META PLATFORMS, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>JUDANG TEAM LLC, a Florida limited liability company; PERFEOS LLC d/b/a SHOP AT MARS, a Florida limited liability company; JOT & JOURNEYS, a Florida business; and ANTONIO JOSE LIEVANO, an individual,<br><br>Defendants | Case No.: 3:25-CV-05156-TSH<br><br>**ANSWER OF DEFENDANTS PERFEOS LLC d/b/a SHOP AT MARS, ANTONIO JOSE LIEVANO, and JOT & JOURNEYS aka JOT & JOURNEY**<br><br>(Demand for Jury Trial) |

Defendants PERFEOS LLC d/b/a SHOP AT MARS ("Perfeos"), ANTONIO JOSÉ LIÉVANO ("Liévano"), and JOT & JOURNEYS aka JOT & JOURNEY ("J&J") (collectively, "Answering Defendants"), by and through counsel, answer the Complaint as follows. Except as expressly admitted, all allegations are denied.

Answer– Page 1

## GENERAL DENIALS

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Answering Defendants deny each and every allegation of the Complaint not expressly admitted herein and deny that Plaintiff is entitled to any relief whatsoever.

## RESPONSES TO ALLEGATIONS

### INTRODUCTION

1. Answering Defendants deny the allegations in Paragraph 1.

2. Answering Defendants deny the allegations, including any allegation of fraud, bait-and-switch practices, subscription fraud, or use of false financial documents in Paragraph 2.

3. Answering Defendants admit that Plaintiff operates Facebook and Instagram and enforces platform rules, but deny that Answering Defendants violated any enforceable terms or continued use in violation of such terms in Paragraph 3.

### PARTIES

4. Answering Defendants admit that Plaintiff Meta Platforms, Inc. is a Delaware corporation with its principal place of business in California in Paragraph 4.

5. Answering Defendants lack sufficient information to admit or deny the allegations regarding Judang Team LLC and therefore deny them in Paragraph 5.

6. Answering Defendants admit that Perfeos LLC is a Florida limited liability company. All remaining allegations are denied in Paragraph 6.

7. Answering Defendants admit that Jot & Journeys is an unincorporated business operated in Florida. All remaining allegations are denied in Paragraph 7.

8. Answering Defendants admit that Liévano is a Florida resident. All remaining allegations are denied in Paragraph 8.

9. Answering Defendants deny the allegations of agency, conspiracy, joint venture, aiding and abetting, or alter-ego liability in Paragraph 9.

Answer– Page 2

**JURISDICTION AND VENUE**

10. Answering Defendants lack sufficient information to admit or deny Plaintiff's jurisdictional allegations and therefore deny them in Paragraph 10.

11. Answering Defendants deny that personal jurisdiction is proper as alleged and reserve all jurisdictional objections in Paragraph 11.

12. Answering Defendants deny the allegations in Paragraph 12

13. Answering Defendants deny the allegations in Paragraph 13.

14. Answering Defendants deny the allegations in Paragraph 14.

**FACTUAL ALLEGATIONS**

15. Answering Defendants admit generally that Meta operates Facebook but deny the remaining allegations in Paragraph 15.

16. Answering Defendants admit generally that Meta operates Instagram but deny the remaining allegations in Paragraph 16.

17. Answering Defendants admit generally that Meta operates WhatsApp but deny the remaining allegations in Paragraph 17.

18. Answering Defendants admit generally that Meta offers business and advertising services but deny the remaining allegations in Paragraph 18.

**ADVERTISING ON FACEBOOK AND INSTAGRAM**

19. Answering Defendants admit generally that businesses may advertise on Facebook and Instagram but deny the remaining allegations in Paragraph 19.

20. Answering Defendants admit that advertising is subject to terms and policies but deny any violation as alleged in Paragraph 20.

21. Answering Defendants admit generally that Meta offers advertising credit lines but deny the remaining allegations in Paragraph 21.

22. Answering Defendants admit that Meta conducts internal ad reviews but deny the remaining allegations in Paragraph 22.

23. Answering Defendants admit that Meta may take enforcement actions but deny that any such actions were justified as alleged in Paragraph 23.

Answer– Page 3

24. Answering Defendants admit generally that Facebook Pages exist but deny the remaining allegations in Paragraph 24.

25. Answering Defendants admit generally that Page administrators may create advertisements but deny the remaining allegations in Paragraph 25.

26. Answering Defendants admit generally that Page administrators may moderate content but deny the remaining allegations in Paragraph 26.

**Meta's and Instagram's Terms and Policies**

27. Answering Defendants admit that Meta publishes terms of service but deny the remaining allegations in Paragraph 27.

28. Answering Defendants deny the allegations in Paragraph 28.

29. Answering Defendants deny the allegations in Paragraph 29.

30. Answering Defendants deny the allegations in Paragraph 30.

31. Answering Defendants deny the allegations in Paragraph 31.

32. Answering Defendants admit that Instagram publishes terms of use but deny the remaining allegations in Paragraph 32.

33. Answering Defendants deny the allegations in Paragraph 33.

34. Answering Defendants deny the allegations in Paragraph 34.

35. Answering Defendants deny the allegations in Paragraph 35.

36. Answering Defendants admit generally that Meta Commercial Terms exist but deny the remaining allegations in Paragraph 36.

37. Answering Defendants deny the allegations in Paragraph 37.

38. Answering Defendants deny the allegations in Paragraph 38.

39. Answering Defendants admit that advertising standards exist but deny the remaining allegations in Paragraph 39.

40. Answering Defendants deny the allegations in Paragraph 40.

41. Answering Defendants admit that self-service advertising terms exist but deny the remaining allegations in Paragraph 41.

42. Answering Defendants deny the allegations in Paragraph 42.

43. Answering Defendants deny the allegations in Paragraph 43.

44. Answering Defendants deny the allegations in Paragraph 44.

45. Answering Defendants deny the allegations in Paragraph 45.

46. Answering Defendants deny the allegations in Paragraph 46.

47. Answering Defendants admit that Liévano maintained Facebook accounts but deny the remaining allegations in Paragraph 47.

48. Answering Defendants admit that Liévano maintained Instagram accounts but deny the remaining allegations in Paragraph 48.

49. Answering Defendants deny the allegations in Paragraph 49.

50. Answering Defendants deny the allegations in Paragraph 50.

51. Answering Defendants deny the allegations in Paragraph 51.

52. Answering Defendants deny the allegations in Paragraph 52.

53. Answering Defendants deny the allegations in Paragraph 53.

54. Answering Defendants deny the allegations in Paragraph 54.

55. Answering Defendants deny the allegations in Paragraph 55.

56. Answering Defendants deny the allegations in Paragraph 56.

57. Answering Defendants deny the allegations in Paragraph 57.

58. Answering Defendants deny the allegations in Paragraph 58.

59. Answering Defendants deny the allegations in Paragraph 59.

60. Answering Defendants deny the allegations in Paragraph 60.

61. Answering Defendants deny the allegations in Paragraph 61.

62. Answering Defendants deny the allegations in Paragraph 62.

63. Answering Defendants deny the allegations in Paragraph 63.

64. Answering Defendants deny the allegations in Paragraph 64.

65. Answering Defendants deny the allegations in Paragraph 65.

66. Answering Defendants deny the allegations in Paragraph 66.

67. Answering Defendants deny the allegations in Paragraph 67.

68. Answering Defendants deny the allegations in Paragraph 68.

## ENFORCEMENT ACTIONS

69. Answering Defendants admit that Meta took certain enforcement actions but deny the remaining allegations in Paragraph 69.

70. Answering Defendants deny the allegations in Paragraph 70.

71. Answering Defendants deny the allegations in Paragraph 71.

72. Answering Defendants deny the allegations in Paragraph 72.

73. Answering Defendants deny the allegations in Paragraph 73.

74. Answering Defendants deny the allegations in Paragraph 74.

### CAUSES OF ACTION

75. First Cause of Action – Breach of Contract (¶¶ 75–84)

76. Answering Defendants deny each and every allegation in Paragraphs 75 through 84 and deny that Plaintiff suffered damages or is entitled to injunctive relief.

77. Second Cause of Action – Fraud (¶¶ 85–91)

78. Answering Defendants deny each and every allegation of fraud in Paragraphs 75 through 84, including misrepresentation, intent, reliance, and damages.

## RESPONSE TO PRAYER FOR RELIEF

Plaintiffs deny all remaining allegations not specifically admitted herein and deny that Defendants are entitled to any of the relief they have requested.

Answer– Page 6

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands:

1. That the Court enter judgment dismissing the Complaint;

2. That Defendant be awarded costs incurred; and

3. That Defendant be awarded such other and further relief as the Court may deem just.

## AFFIRMATIVE DEFENSES

By characterizing these as "Affirmative Defenses," as Defendants do in their Answer, Plaintiffs are not taking on any burden of proof beyond that which the law applies to them. Thus, without admitting or implying that Plaintiffs bear the burden of proof as to any of them, Plaintiffs, on information and belief, assert the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute any claim against Answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff lacks standing to assert one or more claims because it has not suffered a concrete, particularized, or legally cognizable injury traceable to Answering Defendants' conduct.

## THIRD AFFIRMATIVE DEFENSE
### (Improper Venue)

Venue is improper in this District, and the action should be dismissed or transferred.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Particularity)

Plaintiff's fraud claim fails to satisfy the heightened pleading requirements of Rule 9(b), including failure to plead who made alleged misrepresentation, when and where it was made, and how it was false.

## FIFTH AFFIRMATIVE DEFENSE

### (Absence of False Representation)

Answering Defendants made no false, misleading, or fraudulent representations to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (No Scienter or Intent)

Answering Defendants did not act knowingly, intentionally, recklessly, or with intent to deceive.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Reasonable or Justifiable Reliance)

Plaintiff did not reasonably or justifiably rely on any alleged representation or omission by Answering Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Causation)

Plaintiff's alleged damages were not proximately caused by any act or omission of Answering Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff failed to take reasonable steps to mitigate its alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff waived one or more claims by its conduct, including by continuing to extend credit, approving advertising, or permit platform access despite alleged knowledge of the complained-of conduct.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped from asserting its claims by its own acts, omissions, representations, and course of dealing.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands due to its own inequitable conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Contractual Defenses)

Plaintiff's claims are barred, in whole or in part, by the terms, limitations, disclaimers, and conditions of the governing agreements, including limitation-of-liability provisions.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Mutual Assent)

No enforceable contract existed as alleged because of lack of mutual assent, unconscionability, or unilateral modification of terms by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

Plaintiff failed to provide the consideration allegedly required under the purported agreements.

Answer– Page 9

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by laches due to unreasonable delay and resulting prejudice.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Causes)

Plaintiff's alleged damages were caused by intervening or superseding events beyond Answering Defendants' control.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Plaintiffs have an adequate remedy at law and cannot establish irreparable harm necessary to support injunctive relief.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Overbreadth of Injunctive Relief)

The injunctive relief sought is impermissibly broad, punitive, vague, and not narrowly tailored to any proven harm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (First Amendment / Lawful Speech)

To the extent Plaintiff seeks to restrict advertising or communications, such relief would impermissibly restrain lawful speech.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Independent Contractor / No Agency)

Answer– Page 10

Answering Defendants did not act as agents of one another, and no joint venture, partnership, or conspiracy existed.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Economic Loss Rule)

Plaintiff's tort claims are barred by the economic loss rule.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own acts or omissions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Failure to Join Necessary Parties)

Plaintiff failed to join indispensable parties whose absence bars or limits relief.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Preemption)

Plaintiff's claims are barred, in whole or in part, by federal law governing online platforms and electronic commerce.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

Answering Defendants reserve the right to assert additional defenses as discovery and investigation continue.

Dated: February 4, 2026          SAC ATTORNEYS, LLP

By:   /s/ James Cai
        James Cai, Esq.
        Airene Williamson, Esq.
        Attorneys for Plaintiff
        LIN LI and ADV PROPERTY LLC

Answer– Page 11