UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

META PLATFORMS, INC.,

Plaintiff,

v.

JUDANG TEAM LLC, et al.,

Defendants.

Case No.  25-cv-05156-TSH

**ORDER TO SHOW CAUSE**

Plaintiff Meta Platforms, Inc. ("Meta") brings this action against Defendants Judang Team LLC ("Judang"), Perfeos LLC ("Perfeos"), Jot & Journeys ("J&J"), and Antonio Jose Liévano (collectively, "Defendants"), alleging that Defendants operated a deceptive and misleading advertising scheme on Meta's social media platforms and improperly obtained advertising credit lines from Meta.  ECF No. 1.  On January 20, 2026, the Court granted Counsel's[1] motion to withdraw as counsel for all Defendants on the condition that Counsel remain counsel of record to serve all filed documents on Defendants until a substitution of counsel is filed.  ECF No. 57.  For all such documents, the Court ordered Counsel to e-file proof of service within three business days of filing.  *Id.*

On February 5, 2026, Defendants Perfeos, J&J, and Liévano filed an answer to the complaint through new counsel.  ECF No. 59.  There has been no appearance by new counsel for Judang.

Despite the Court's order at ECF No. 57 ordering Counsel to serve Defendants with all filed documents within three business days, Counsel did not serve Judang with the answer by

---

[1] "Counsel" refers collectively to James C. Huber, Bradley C. Crosley, and Darren Cruz.  *See* ECF No. 57.

United States District Court
Northern District of California

February 10, 2026.  The Court then issued an order on February 13, 2026, reminding Counsel of their service obligation and directing Counsel to serve Judang with the answer by February 19, 2026.  ECF No. 60.  On February 19, 2026, Counsel filed an affidavit indicating they had effected service on Perfeos.[2]  ECF No. 61.

On February 20, 2026, the Court ordered that default be entered against Judang.  ECF No. 64.  In this order, the Court reminded Counsel of their service obligation and ordered Counsel to serve Judang with the default order no later than February 25, 2026.  *Id.*  Also on February 20, 2026, the Court issued an order regarding substitution of counsel and a case management order.  *See* ECF Nos. 63, 65.  Counsel has not filed an attestation that they served Judang with the documents at ECF Nos. 63, 64, and 65, despite their service obligation and the Court's prior orders.

Since February 20, 2026, several more filings have occurred on the docket, including the Clerk's Notice of Entry of Default against Judang.  *See* ECF Nos. 68, 70, 71, 72.  The Court should not have to hunt Counsel down every time a filing occurs to ensure that Counsel comply with their obligation to serve Judang.

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (citation omitted).  "When there has been contempt, a court can levy contempt sanctions pursuant to its inherent powers."  *Dionisio v. Midland Credit Mgmt.*, No. 1:19-cv-0190-DAD-JLT, 2019 WL 2420403, at *2 (E.D. Cal. June 10, 2019) (citing *Cooke v. United States*, 267 U.S. 517, 539 (1925)).  A "district court has wide latitude in determining whether there has been contemptuous defiance of its order."  *Hook v. Arizona Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997) (cleaned up).

"A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained."  *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th

---

[2] Counsel filed an affidavit on February 20, 2026, amending the affidavit filed the day prior, and stating that service was effected on Judang.  ECF No. 62.

United States District Court
Northern District of California

Cir. 2016) (cleaned up). "Because civil compensatory sanctions are remedial, they typically take the form of unconditional monetary sanctions; whereas coercive civil sanctions, intended to deter, generally take the form of conditional fines." *Id.* For example, courts may impose monetary sanctions for every day of non-compliance to coerce parties or attorneys into compliance with court orders. *See Dionisio*, 2019 WL 2420403, at *3 (ordering monetary sanctions of $100 per day for every business day parties fail to comply with the court's orders); *W. States Insulators & Allied Workers Pension Plan v. Jenco Mech. Insulation, Inc.*, No. C-11-0175-EMC, 2013 WL 2252004, at *4 (N.D. Cal. May 22, 2013) (ordering coercive monetary sanctions of $100 per day for every day of non-compliance with court's orders "given Defendant's evasive behavior and non-responsiveness").

Twice the Court has ordered Counsel to comply with the Court's order at ECF No. 57 regarding service on Judang. *See* ECF Nos. 60, 64. Despite these reminders—and the Court's initial order granting Counsel's withdrawal—Counsel continue to ignore the Court's orders by not timely effecting service on Judang.

Accordingly, the Court hereby **ORDERS** Counsel (James C. Huber, Bradley C. Crosley, and Darren Cruz) to show cause why they should not be held in contempt of the Court's orders and sanctioned for failure to comply with the Court's orders imposing service obligations on Counsel. Counsel shall file a written response no later than March 10, 2026.

Notice is hereby provided that failure to file a written response may result in the Court imposing sanctions. Thus, it is imperative the Court receive a written response by the deadline above.

**IT IS SO ORDERED.**

Dated: March 3, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3