UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

META PLATFORMS, INC.,

    Plaintiff,

    v.

JUDANG TEAM LLC, et al.,

    Defendants.

Case No. 25-cv-05156-TSH

**ORDER RE:  PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Re: Dkt. No. 71

## I.    INTRODUCTION

Plaintiff Meta Platforms, Inc. ("Meta") brings this action against Defendants Judang Team LLC ("Judang"), Perfeos LLC ("Perfeos"), Jot & Journeys ("J&J"), and Antonio Jose Liévano, alleging that Defendants operated a deceptive and misleading advertising scheme on Meta's social media platforms and improperly obtained advertising credit lines from Meta.  ECF No. 1. Defendants Perfeos, J&J, and Liévano (collectively, "Defendants") filed an Answer.[1]  ECF No. 59.  Pending before the Court is Meta's Motion to Strike Affirmative Defenses.  ECF No. 71 ("Mot.").  The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the April 9, 2026, hearing.  For the reasons stated below, the Court **GRANTS** the motion.[2]

---

[1] The Clerk of Court entered default against Judang on February 20, 2026.  ECF No. 68.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 13, 32.

## II.    BACKGROUND

### A.    Factual Background

Meta, a Delaware corporation with its principal place of business in California, owns and operates multiple social media platforms—including Facebook, Instagram, and WhatsApp—and various business and advertising services.  Compl. ¶¶ 4, 15–18 (ECF No. 1).  Facebook is "an online service that is available on computers and mobile devices" used to "discover and connect to interests."  *Id.* ¶ 15.  Instagram is "a free photo and video sharing service and mobile application."  *Id.* ¶ 16.  And WhatsApp is "an encrypted communication service available on mobile devices and desktop computers."  *Id.* ¶ 17.

Defendant Judang, a Florida limited liability company, "promotes itself as a social media manager" on its website, judangteam.com.  *Id.* ¶ 5.  Defendant Perfeos, a Florida limited liability company, "purports to sell various merchandise" on its website, shopatmars.com.  *Id.* ¶ 6.  Defendant J&J, an unincorporated Florida business, "purports to sell various consumer goods including stationary products and energy drinks" on its website, jotandjourney.com.  *Id.* ¶ 7.  Defendant Liévano, a resident of Florida, is the founder and sole member of Judang and Perfeos and operates J&J.  *Id.* ¶ 8.  Meta alleges Liévano acted individually and through his entities.  *Id.* ¶ 1.

Overall, Meta alleges that Defendants (1) "used fraudulent financial documents to improperly obtain more than $8 million in advertising credit lines from Meta for which they never paid," and (2) "used the fraudulently obtained advertising credit lines to purchase ads on Facebook and Instagram" to facilitate Defendants' "bait-and-switch" and "subscription fraud" schemes.  *Id.* ¶ 2.

### B.    Procedural Background

On June 18, 2025, Meta filed its complaint against Defendants Judang, Perfeos, J&J, and Liévano, alleging two causes of action under California law:  (1) Breach of Contract; and (2) Fraud.  Compl. ¶¶ 75–91 (ECF No. 1).  Meta seeks, *inter alia*, "a permanent injunction that prohibits Defendants from continuing their bait and switch and subscription schemes" and damages.  *Id.* at 3, 24.

United States District Court
Northern District of California

On November 6, 2025, Judang, Perfeos, J&J, and Liévano filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 33. On January 20, 2026, the Court denied the motion to dismiss. ECF No. 56. That same day, the Court granted, with conditions, the motion to withdraw filed by counsel for the four original defendants. ECF No. 57.

On February 5, 2026, Defendants filed an Answer through new counsel. ECF No. 59 ("Answer"). In their Answer, Defendants assert twenty-seven affirmative defenses. *Id.* at 7–11. The Court granted a substitution of counsel for Defendants (Perfeos, J&J, and Liévano). ECF No. 63. On February 20, 2026, the Clerk of Court entered default against Judang. ECF Nos. 64, 68.

On February 26, 2026, Meta filed the instant Motion to Strike Affirmative Defenses. ECF No. 71 ("Mot."). On March 12, 2026, Defendants filed an Opposition.[3] ECF No. 80 ("Opp."). On March 19, 2026, Meta filed a Reply. ECF No. 83 ("Reply").

### III.   LEGAL STANDARD

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted).

"A court should only grant a motion to strike material for the five reasons specifically discussed in the rule—namely, if it is '(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.'" *Hernandez v. Aramark Food & Support Servs. Grp., Inc.*, No. 20-cv-03633-EJD, 2020 WL 5507219, at *1 (N.D. Cal. Sept. 11, 2020) (quoting *Whittlestone*,

United States District Court
Northern District of California

---

[3] On March 13, 2026, Defendants filed another Opposition. ECF No. 81. Because the Oppositions filed at ECF Nos. 80 and 81 are identical, the Court considers only the timely filed Opposition at ECF No. 80.

618 F.3d at 973).  A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Similarly, "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*  A matter is redundant if it needlessly duplicates other material in the complaint. *Whittlestone*, 618 F.3d at 974; *see Figy v. Lifeway Foods, Inc.*, No. 13-cv-04828-TEH, 2016 WL 4364225, at *3 (N.D. Cal. Aug. 16, 2016) ("Redundant matter is defined as allegations that constitute a needless repetition of other averments or are foreign to the issue.").  "'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citation omitted).

"With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte,* 352 F. Supp. 2d at 1057. "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12-cv-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).  When striking a claim or defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

## IV.   DISCUSSION

Meta moves to strike all twenty-seven affirmative defenses raised by Defendants, asserting that they are not specific to this case, not properly characterized as affirmative defenses, and not properly pleaded with the necessary level of detail.  Mot. at 2.  Defendants contend that the Court should deny Meta's Motion because "the substance of the affirmative defenses provides adequate notice to Meta and raises legitimate legal issues for resolution through discovery and at trial." Opp. at 2.  In the alternative, Defendants request leave to file an amended answer.[4] *Id.* at 10.

In sum, the Court concludes that it is appropriate to strike each of Defendants' affirmative

---

[4] Defendants state that they "are prepared to file an amended answer within twenty-one days of any order identifying specific pleading deficiencies, supplying the additional factual detail the Court may require." Opp. at 10:9–17.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

defenses.  As discussed, below, the Court grants Defendants leave to amend some defenses.

## A.    Propriety Of Affirmative Defenses

Meta argues that Affirmative Defense Nos. 1–2, 4–8, 19–20, 22–23, and 27 are not proper affirmative defenses that should be stricken without leave to amend.  Mot. at 3:18–4:26.

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Such a defense is merely rebuttal against the evidence presented by the plaintiff."  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).  In other words, an affirmative defense is not one that negates elements of the plaintiff's claim, "but instead precludes liability even if all of the elements of the plaintiff's claim are proven."  *Id.* (citation omitted); *see also Jacobson v. Persolve, LLC*, No. 14-cv-00735-LHK, 2014 WL 4090809, at *6 (N.D. Cal. Aug. 19, 2014) ("denials of a plaintiff's allegations or allegations that the plaintiff cannot prove the elements of her claims are not affirmative defenses").

### 1.    Affirmative Defense #1:  Failure To State A Claim

Meta argues that Affirmative Defense No. 1 should be stricken because "failure to state a claim" is not a proper affirmative defense.  Mot. at 3:18–28.  Defendants do not oppose the striking of this defense, "which is arguably better characterized as a denial rather than an affirmative defense."  Opp. at 2:10–12.

Here, Affirmative Defense No. 1 states:  "Plaintiff fails to state facts sufficient to constitute any claim against Answering Defendants upon which relief can be granted."  Answer at 7. "Failure to state a claim is not a proper affirmative defense" but, rather, asserts a defect in the plaintiff's *prima facie* case.  *Barnes*, 718 F. Supp. 2d at 1174.

Accordingly, the Court **STRIKES** Affirmative Defense No. 1 and **DENIES** Defendants leave to amend this defense.

### 2.    Affirmative Defense #4:  Failure To Plead Fraud With Particularity

Meta argues that Affirmative Defense No. 4 should be stricken because it merely restates issues the Court has already addressed and rejected in denying Defendants' motion to dismiss. Mot. at 3:18–28.  Further, Meta argues that failing to meet a pleading standard asserts a defect in

United States District Court
Northern District of California

the plaintiff's case but is not actually an affirmative defense. *Id*. Defendants contend that the defense is proper under Rule 12(h) and "preserves Defendants' right to contest the sufficiency of proof at trial." Opp. at 4:14–5:2.

Here, Affirmative Defense No. 4 states: "Plaintiff's fraud claim fails to satisfy the heightened pleading requirements of Rule 9(b), including failure to plead who made alleged misrepresentation, when and where it was made, and how it was false." Answer at 8. This is simply not an affirmative defense. Further, Defendants' argument that this defense is permitted under Rule 12(h) fails. "Rule 12(h) explicitly permits certain negative defenses to be pled in an answer, specifically, the defenses enumerated in Rule 12(b)(2)–(5): lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process." *Ear v. Empire Collection Authorities, Inc.*, No. 12-1695-SC, 2012 WL 3249514, at *2 (N.D. Cal. Aug. 7, 2012) (citing Fed. R. Civ. P. 12(h)(1)). Thus, failure to comply with Rule 9(b) is not on the list of enumerated defenses in Rule 12(h). Moreover, Defendants retain the right "to contest the sufficiency of proof at trial"—there is no need to plead defenses to preserve the argument that the plaintiff failed to prove its case. Opp. at 4:14–5:2; *see* Reply at 2 n.1; *Jacobson*, 2014 WL 4090809, at *7 ("However, Defendants may still assert this claim as an ordinary defense to liability.").

Accordingly, the Court **STRIKES** Affirmative Defense No. 4 and **DENIES** Defendants leave to amend this defense.

### 3.    Affirmative Defense #2, 5–8, 19–20, 22–23

Meta argues that Affirmative Defense Nos. 2, 5–8, 19–20, and 22–23 should be stricken because they are not affirmative defenses—"they are rebuttals directed toward elements of [Meta's] claims." Mot. at 4:1–17.

#### a.    Affirmative Defense #2:  Failure To State A Claim

Defendants contend that this defense "is a non-waivable jurisdictional defense that must be preserved." Opp. at 5:3–14.

Here, Affirmative Defense No. 2 states: "Plaintiff lacks standing to assert one or more claims because it has not suffered a concrete, particularized, or legally cognizable injury traceable

6

to Answering Defendants' conduct." Answer at 7. Standing is not a proper affirmative defense. *See J & J Sports Prods., Inc. v. Vizcarra*, No. 11-1151-SC, 2011 WL 4501318, at \*2 (N.D. Cal. Sept. 27, 2011) ("Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law.") (cleaned up). Defendants are correct that a party may raise standing under Rule 12(h)(3) at any time. *See* Opp. at 5:3–14; *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) ("[T]he deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3)."); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (explaining that a party or a court may inquire into federal subject matter jurisdiction at any stage in the litigation). However, lack of standing must be raised in a proper motion—not as an affirmative defense. Reply at 2:23–3:2; *cf. Goobich v. Excelligence Learning Corp.*, No. 19-cv-6771-EJD, 2020 WL 1503685, at \*3–4, n.3 (N.D. Cal. Mar. 30, 2020) (striking standing defense with prejudice and noting that "Defendant will not be precluded from arguing that Plaintiff lacks standing at a later time because issues of standing are jurisdictional and therefore, may be raised at any time").

Accordingly, the Court **STRIKES** Affirmative Defense No. 2 and **DENIES** Defendants leave to amend this defense.

### b.    Affirmative Defense #5:  Absence Of False Representation

Defendants contend that this defense is "expressly permitted by Rule 12(h) and properly pleaded in the Answer." Opp. at 5:15–6:8.

Here, Affirmative Defense No. 5 states: "Answering Defendants made no false, misleading, or fraudulent representations to Plaintiff." Answer at 8. "No false representation" is not a proper affirmative defense because it is directed towards an element of Meta's *prima facie* case. *See Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (explaining that under California law, "a misrepresentation" is element of fraud claim); *cf. Sec. & Exch. Comm'n v. Christian Stanley, Inc.*, No. CV-11-7147-GHK(MANx), 2012 WL 13009138, at \*6 (C.D. Cal. Apr. 4, 2012) (striking "no false or misleading statements" defense because "this defense is merely a denial of Plaintiff's allegations"). Moreover, lack of a false representation is not on the list of enumerated defenses in Rule 12(h). *See* Reply at 3:3–11; *Ear*, 2012 WL 3249514, at \*2.

United States District Court
Northern District of California

7

Accordingly, the Court **STRIKES** Affirmative Defense No. 5 and **DENIES** Defendants leave to amend this defense.

### c.    Affirmative Defense #6:  No Scienter Or Intent

Defendants contend that this defense is "expressly permitted by Rule 12(h) and properly pleaded in the Answer."  Opp. at 5:15–6:8.

Here, Affirmative Defense No. 6 states:  "Answering Defendants did not act knowingly, intentionally, recklessly, or with intent to deceive."  Answer at 8.  "No scienter" is not a proper affirmative defense because it is directed towards an element of Meta's *prima facie* case.  *See Helicopter*, 34 Cal. 4th at 990 (explaining that under California law, "knowledge of falsity (or scienter)" is element of fraud claim); *cf. United States v. Ogden*, No. 20-cv-01691-DMR, 2021 WL 858467, at *4 (N.D. Cal. Mar. 8, 2021) (striking scienter defense because it directly challenges an element of plaintiff's claim).  Moreover, lack of scienter is not on the list of enumerated defenses in Rule 12(h).  *See* Reply at 3:3–11; *Ear*, 2012 WL 3249514, at *2.

Accordingly, the Court **STRIKES** Affirmative Defense No. 6 and **DENIES** Defendants leave to amend this defense.

### d.    Affirmative Defense #7:  No Reasonable Or Justifiable Reliance

Defendants contend that this defense is "expressly permitted by Rule 12(h) and properly pleaded in the Answer."  Opp. at 5:15–6:8.

Here, Affirmative Defense No. 7 states:  "Plaintiff did not reasonably or justifiably rely on any alleged representation or omission by Answering Defendants."  Answer at 8.  "No reliance" is not a proper affirmative defense because it is directed towards an element of Meta's *prima facie* case.  *See Helicopter*, 34 Cal. 4th at 990 (explaining that under California law, "justifiable reliance" is element of fraud claim); *cf. Fed. Trade Comm'n v. Loss Mitigation Servs.*, No. SACV-09800-DOC(ANx), 2010 WL 11519447, at *3 (C.D. Cal. Feb. 17, 2010) (striking lack of justifiable reliance defense because the defense "serves as a denial on the merits of the Plaintiff's claim that consumers acted reasonably in relying upon Defendants' representations").  Moreover, lack of reliance is not on the list of enumerated defenses in Rule 12(h).  *See* Reply at 3:3–11; *Ear*, 2012 WL 3249514, at *2.

United States District Court
Northern District of California

Accordingly, the Court **STRIKES** Affirmative Defense No. 7 and **DENIES** Defendants leave to amend this defense.

### e.    Affirmative Defense #8:  Failure Of Causation

Defendants contend that this defense is "expressly permitted by Rule 12(h) and properly pleaded in the Answer."  Opp. at 5:15–6:8.

Here, Affirmative Defense No. 8 states:  "Plaintiff's alleged damages were not proximately caused by any act or omission of Answering Defendants."  Answer at 8.   "No causation" is not a proper affirmative defense because it is directed towards an element of Meta's *prima facie* case. *See Helicopter*, 34 Cal. 4th at 990 (explaining that under California law, "resulting damage" is element of fraud claim); *cf. LumaSense Technologies, Inc. v. Advanced Engineering Services, LLC*, No. 20-cv-7905-WHO, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021) (striking no causation defense); *Jansen v. Travelers Com. Ins. Co.*, No. 16-cv-04834-JST, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017) (same).  Moreover, lack of causation is not on the list of enumerated defenses in Rule 12(h).  *See* Reply at 3:3–11; *Ear*, 2012 WL 3249514, at *2.

Accordingly, the Court **STRIKES** Affirmative Defense No. 8 and **DENIES** Defendants leave to amend this defense.

### f.    Affirmative Defense #19:  No Irreparable Harm

Defendants do not respond to Meta's argument that this defense is not a proper affirmative defense.  Reply at 3:12–13; *see generally* Opp.

Here, Affirmative Defense No. 19 states:  "Plaintiffs have an adequate remedy at law and cannot establish irreparable harm necessary to support injunctive relief."  Answer at 10.  Because Defendants do not respond to Meta's argument that the defense is improper, Defendants concede that it is.  *See Ardente, Inc. v. Shanley*, No. C-07-4479-MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence.").

Accordingly, the Court **STRIKES** Affirmative Defense No. 19 and **DENIES** Defendants leave to amend this defense.

United States District Court
Northern District of California

g.    **Affirmative Defense #20:  Overbreadth Of Injunctive Relief**

Defendants do not respond to Meta's argument that this defense is not a proper affirmative defense.  Reply at 3:12–13; *see generally* Opp.

Here, Affirmative Defense No. 20 states:  "The injunctive relief sought is impermissibly broad, punitive, vague, and not narrowly tailored to any proven harm."  Answer at 10.  Because Defendants do not respond to Meta's argument that the defense is improper, Defendants concede that it is.  *Ardente*, 2010 WL 546485, at *6.

Accordingly, the Court **STRIKES** Affirmative Defense No. 20 and **DENIES** Defendants leave to amend this defense.

h.    **Affirmative Defense #22:  Independent Contractor / No Agency**

Defendants do not respond to Meta's argument that this defense is not a proper affirmative defense.  Reply at 3:12–13; *see generally* Opp.

Here, Affirmative Defense No. 22 states:  "Answering Defendants did not act as agents of one another, and no joint venture, partnership, or conspiracy existed."  Answer at 10–11.  Because Defendants do not respond to Meta's argument that the defense is improper, Defendants concede that it is.  *Ardente*, 2010 WL 546485, at *6.

Accordingly, the Court **STRIKES** Affirmative Defense No. 22 and **DENIES** Defendants leave to amend this defense.

i.    **Affirmative Defense #23:  Economic Loss Rule**

Defendants contend that this defense "is preserved for the record and for potential appellate review."  Opp. at 6:26–7:11.

Here, Affirmative Defense No. 23 states:  "Plaintiff's tort claims are barred by the economic loss rule."  Answer at 11.  Under California law, "the economic loss rule is not a *defense* to a cause of action."  *Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194, 1215 (2008) (emphasis in original).  Defendants contend that they raise this defense to preserve it "for summary judgment, and if necessary, for appeal."  Opp. at 7:8–11.  The Court agrees with Meta that "being able to raise a legal doctrine later does not convert the doctrine into an affirmative defense."  Reply at 3:14–17; *see Espitia v. Mezzetti Fin. Servs., Inc.*, No. 18-cv-02480-

VKD, 2019 WL 359422, at *5 (N.D. Cal. Jan. 29, 2019) (striking pleaded affirmative defense with prejudice and noting the ruling is without prejudice to defendant raising the defense in a motion at trial).

Accordingly, the Court **STRIKES** Affirmative Defense No. 23 and **DENIES** Defendants leave to amend this defense.

### 4.    Affirmative Defense #27:  Reservation Of Rights

Meta argues that Affirmative Defense No. 27 should be stricken because it "is not a defense at all but a reservation of rights to assert unspecified additional defenses at a later date." Mot. at 4:18–24.  Defendants contend this defense "provides notice that Defendants do not intend their current answer to be exhaustive, and it preserves flexibility consistent with the spirit of Rule 15(a)."  Opp. at 7:13–8:11.

Here, Affirmative Defense No. 27 states:  "Answering Defendants reserve the right to assert additional defenses as discovery and investigation continue."  Answer at 11.  Contrary to Defendants' assertion, courts routinely strike "reservation-of-rights defenses" because they are not proper affirmative defenses.  Opp. at 7:15–17; *see Solis v. Zenith Cap., LLC*, No. C-08-4854-PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) ("An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself."); *Snap! Mobile, Inc. v. Croghan*, No. 18-cv-04686-LHK, 2019 WL 884177, at *11 (N.D. Cal. Feb. 22, 2019) (striking "additional defenses" defense with prejudice).  If at some later date Defendants seek to add affirmative defenses, "they must comply with Rule 15 of the Federal Rules of Civil Procedure." *Solis*, 2009 WL 1324051, at *7.

Accordingly, the Court **STRIKES** Affirmative Defense No. 27 and **DENIES** Defendants leave to amend this defense.

### B.    Waiver

Meta argues that Defendants have waived Affirmative Defense Nos. 3 and 25.  Mot. at 5:1–13.

Under the Federal Rules of Civil Procedure:

A party waives any defense listed in Rule 12(b)(2)–(5) by:

11

> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
> (B) failing to either:
>
>> (i) make it by motion under this rule; or
>>
>> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1).  Rule 12(g)(2) states:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

*Id.* at 12(g)(2).  As such, "most jurisdictional objections—such as defects in personal jurisdiction, venue or service of process—are waived unless asserted early in the litigation."  *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1156 (9th Cir. 2002).

### 1.    Affirmative Defense #3:  Improper Venue

Meta argues that Defendants waived Affirmative Defense No. 3 because they failed to raise the defense in their motion to dismiss.  Mot. at 5:1–13.  Defendants contend that this defense is "preserved in the Answer as a responsive pleading under Rule 12(h)(1)(B)."  Opp. at 6:10–24.

Here, Affirmative Defense No. 3 states:  "Venue is improper in this District, and the action should be dismissed or transferred."  Answer at 7.  "Improper venue" is one of the defenses "listed in Rule 12(b)(2)–(5)" that is subject to waiver under Rule 12(h)(1).  *See* Fed. R. Civ. P. 12(b)(3) (improper venue defense).  Thus, improper venue is waived under Rule 12 "if a defendant moves to dismiss on one or more of the other grounds specified by Rule 12 while failing to raise venue in the same motion."  *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (citing Fed. R. Civ. P. 12(g), (h)).  Prior to filing their Answer, Defendants moved to dismiss the Complaint under Rule 12(b)(6); however, Defendants did not raise improper venue in their motion to dismiss.  *See* ECF Nos. 33, 59.  Therefore, Defendants waived the defense of improper venue.  *Cf. King*, 963 F.2d at 1305 ("[Defendants'] failure to raise the defense of improper venue in conjunction with their 12(b)(6) motion constituted a waiver of that defense."); *Am. Home Assurance Co. v. TGL*

*Container Lines, Ltd.*, 347 F. Supp. 2d 749, 765 (N.D. Cal. 2004) ("Under Rule 12(h) of the Federal Rules of Civil Procedure, a defense of improper venue is waived unless it is included in the defendant's first Rule 12 motion or, if no such motion is filed, in the answer to the complaint.").

Defendants request leave to amend this defense to raise arguments "regarding the enforceability of forum selection provisions and the interests of justice under 28 U.S.C. § 1404(a)." Opp. at 6:21–24. But "[a] motion to enforce a forum selection clause is treated as a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3)." *Am. Home*, 347 F. Supp. 2d at 755. As such, because Defendants failed to raise improper venue in their motion to dismiss, they have waived any venue defense based on a forum selection clause. *See id.* at 765 ("This principle applies to motions to dismiss for improper venue based on contractual forum selection clauses as well as on statutory venue issues.").

Accordingly, the Court **STRIKES** Affirmative Defense No. 3 and **DENIES** Defendants leave to amend this defense.

### 2. Affirmative Defense #25: Failure To Join Necessary Parties

Meta argues that Defendants waived Affirmative Defense No. 25 because they failed to raise the defense in their motion to dismiss. Mot. at 5:1–13. Defendants do not respond to Meta's argument that they waived this defense. Reply at 3:24–4:9; *see generally* Opp.

Here, Affirmative Defense No. 25 states: "Plaintiff failed to join indispensable parties whose absence bars or limits relief." Answer at 11. Because Defendants do not respond to Meta's argument that the defense is waived, Defendants concede that it is. *Ardente*, 2010 WL 546485, at *6.

Accordingly, the Court **STRIKES** Affirmative Defense No. 25 and **DENIES** Defendants leave to amend this defense.

### C. Sufficiency Of Pleading

Meta argues that Affirmative Defense Nos. 9–18, 21, 24, and 26 are insufficiently pleaded under the *Twombly/Iqbal* heightened pleading standard. Mot. at 2:18–3:2, 5:14–7:27. Defendants contend that the *Twombly/Iqbal* standard does not apply to pleading affirmative defenses;

13

alternatively, Defendants request leave to amend for any insufficient pleading.  Opp. at 3:24–4:11, 8:13–22, 10:9–17.

The Federal Rules of Civil Procedure require a defendant to "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1).  "Although the Ninth Circuit has not spoken directly on pleading standards for affirmative defenses, the majority of courts in the Northern District of California have held that the heightened pleading standard of *Twombly* and *Iqbal* is now the correct standard to apply to affirmative defenses."  *Tongsui LLC v. LecocoLove LLC*, No. 21-cv-2806-DMR, 2022 WL 541179, at *4 (N.D. Cal. Feb. 23, 2022) (cleaned up); *see also LumaSense*, 2021 WL 2953237, at *6 ("I will apply the *Twombly/Iqbal* standard to affirmative defenses in this case."); *Williams v. Apple, Inc.*, No. 19-cv-4700-LHK, 2021 WL 9181936, at *3 (N.D. Cal. June 17, 2021) ("This Court, as well as a vast majority of courts in this district, has held that the heightened pleading standard for complaints articulated in *Twombly* and extended to all civil complaints in *Iqbal* applies to affirmative defenses."); *Fishman v. Tiger Natural Gas Inc.*, No. C-17-05351-WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) ("This order finds persuasive the reasoning of the district courts of this circuit and those across the country that apply the *Twombly/Iqbal* standard to affirmative defenses[.]"); *Finjan, Inc. v. Bitdefender Inc.*, No. 17-cv-4790-HSG, 2018 WL 1811979, at *3 (N.D. Cal. Apr. 17, 2018) ("The Court agrees, and continues to find that the *Twombly/Iqbal* standard applies."); *Murphy v. Trader Joe's*, No. 16-cv-2222-SI, 2017 WL 235193, at *2 (N.D. Cal. Jan. 19, 2017) ("[I]n the absence of clear controlling authority, the Court will follow numerous decisions in this district applying the *Twombly/Iqbal* standard to affirmative defenses.").

Accordingly, Defendants' "affirmative defenses must contain sufficient facts to state a defense that is plausible on its face."  *Goobich*, 2020 WL 1503685, at *2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "This standard does not require extensive factual allegations, but bare statements reciting mere legal conclusions may not be sufficient."  *Fishman*, 2018 WL 4468680, at *3 (cleaned up).  Simply put, it is appropriate to summarily strike "affirmative defenses that are nothing more than one-sentence recitations that fail to specify any factual basis for the defenses."

*Williams*, 2021 WL 9181936, at *5 (cleaned up).

### 1.    Affirmative Defense #9:  Failure To Mitigate

Meta argues that Affirmative Defense No. 9 is insufficiently pleaded because "Defendants do not allege what steps should have been taken to mitigate damages."  Mot. at 5:25–26. Defendants do not respond to Meta's argument that this defense is insufficiently pleaded.  Reply at 5:3–4; *see generally* Opp.

Here, Affirmative Defense No. 9 states:  "Plaintiff failed to take reasonable steps to mitigate its alleged damages."  Answer at 8.  This bare reference to the doctrine of mitigation, without any discussion of how it might apply to this case, is insufficient under Rule 8.  *Cf. Luo v. Vuong*, No. 22-cv-02981-TSH, 2022 WL 16924449, at *2 (N.D. Cal. Nov. 14, 2022) (striking mitigation defense); *Espitia*, 2019 WL 359422, at *3 (same).  And by silence, Defendants concede the defense's insufficiency.  *Ardente*, 2010 WL 546485, at *6.

Accordingly, the Court **STRIKES** Affirmative Defense No. 9 and **GRANTS** Defendants leave to amend this defense.

### 2.    Affirmative Defense #10:  Waiver

Meta argues that Affirmative Defense No. 10 is insufficiently pleaded because "Defendants do not allege when Meta allegedly knew of the Defendants' conduct or how its failure to detect Defendants' fraud constitutes waiver."  Mot. at 6:1–4.  Defendants contend that this defense is "not a bare legal label" but instead "alleges specific conduct."  Opp. at 8:25–9:1.

Here, Affirmative Defense No. 10 states:  "Plaintiff waived one or more claims by its conduct, including by continuing to extend credit, approving advertising, or permit platform access despite alleged knowledge of the complained-of conduct."  Answer at 8–9.  "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it."  *Fishman*, 2018 WL 4468680, at *4 (citation omitted).  This defense is insufficient under Rule 8 because it "fails to point to any facts that would suggest [Meta] ever intended to relinquish a known right or even what the right was that [Meta] supposedly waived."  *Cf. id.* (striking waiver defense); *see also Catch a Wave, Inc. v. Sirius XM Radio, Inc.*, No. C-12-05791-WHA, 2013 WL 1996134, at *2 (N.D. Cal. May 13, 2013) (striking waiver defense where

15

"[d]efendant makes no attempt to explain how or when plaintiff intentionally relinquished any known right").

Accordingly, the Court **STRIKES** Affirmative Defense No. 10 and **GRANTS** Defendants leave to amend this defense.

### 3. Affirmative Defense #11: Estoppel

Meta argues that Affirmative Defense No. 11 is insufficiently pleaded because "Defendants do not allege what acts, omissions, representations, or course of dealing purportedly estopped Meta from bringing its claims." Mot. at 6:6–9. Defendants contend that this defense "arises from the same course of dealing" as in the waiver defense. Opp. at 9:2–5.

Here, Affirmative Defense No. 11 states: "Plaintiff is estopped from asserting its claims by its own acts, omissions, representations, and course of dealing." Answer at 9. This bare reference to the doctrine of estoppel, without any discussion of how it might apply to this case, is insufficient under Rule 8. *Cf. Williams*, 2021 WL 9181936, at *5–6 (striking estoppel defense that failed "to specify any factual bases, let alone factual bases that satisfy *Twombly*/*Iqbal*'s 'plausibility' pleading standard").

Accordingly, the Court **STRIKES** Affirmative Defense No. 11 and **GRANTS** Defendants leave to amend this defense.

### 4. Affirmative Defense #12: Unclean Hands

Meta argues that Affirmative Defense No. 12 is insufficiently pleaded because "Defendants do not identify any supposedly inequitable conduct." Mot. at 6:10–11. Meta further argues that this defense is not pleaded with particularity as required under Rule 9(b). *Id.* at 7:19–23. Defendants contend that this defense need not be pleaded with particularity; however, Defendants do not respond to Meta's arguments under Rule 8. Opp. at 9:6–11; *see* Reply 5:19–25.

Here, Affirmative Defense No. 12 states: "Plaintiff's claims are barred by the doctrine of unclean hands due to its own inequitable conduct." Answer at 9. This bare reference to the doctrine of unclean hands, without any discussion of how it might apply to this case, is insufficient under Rule 8. *Cf. Luo*, 2022 WL 16924449, at *2 (striking unclean hands defense); *see also* *Espitia*, 2019 WL 359422, at *3 ("Mezzetti fails to identify any conduct by Mr. Espitia that would

16

United States District Court
Northern District of California

provide grounds for such a defense [of unclean hands].").

Accordingly, the Court **STRIKES** Affirmative Defense No. 12 and **GRANTS** Defendants leave to amend this defense.

### 5.    Affirmative Defense #13:  Contractual Defenses

Meta argues that Affirmative Defense No. 13 is insufficiently pleaded because "Defendants do not identify what terms, limitations, disclaimers, or conditions of the governing agreements are at issue."  Mot. at 6:13–15.  Defendants contend that this defense is "directly responsive to Meta's breach of contract claim."  Opp. at 9:12–17.

Here, Affirmative Defense No. 13 states:  "Plaintiff's claims are barred, in whole or in part, by the terms, limitations, disclaimers, and conditions of the governing agreements, including limitation-of-liability provisions."  Answer at 9.  This one-sentence recitation, that fails to specify any factual basis for the defense, is insufficient under Rule 8.  *See Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) ("[T]he simple listing of a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist is not sufficient.") (citation omitted).

Accordingly, the Court **STRIKES** Affirmative Defense No. 13 and **GRANTS** Defendants leave to amend this defense.

### 6.    Affirmative Defense #14:  Lack Of Mutual Assent

Meta argues that Affirmative Defense No. 14 is insufficiently pleaded because "Defendants allege no basis for asserting lack of mutual assent, unconscionability, or unilateral modification of terms."  Mot. at 6:18–20.  Defendants contend that this defense is "directly responsive to Meta's breach of contract claim."  Opp. at 9:12–17.

Here, Affirmative Defense No. 14 states:  "No enforceable contract existed as alleged because of lack of mutual assent, unconscionability, or unilateral modification of terms by Plaintiff."  Answer at 9.  This one-sentence recitation, that fails to specify any factual basis for the defense, is insufficient under Rule 8.  *Illumina*, 2020 WL 571030, at *5.

Accordingly, the Court **STRIKES** Affirmative Defense No. 14 and **GRANTS** Defendants

17

leave to amend this defense.

### 7. Affirmative Defense #15: Failure Of Consideration

Meta argues that Affirmative Defense No. 15 is insufficiently pleaded because "Defendants do not allege what consideration was allegedly not provided." Mot. at 6:22–23. Defendants contend that this defense is "directly responsive to Meta's breach of contract claim." Opp. at 9:12–17.

Here, Affirmative Defense No. 15 states: "Plaintiff failed to provide the consideration allegedly required under the purported agreements." Answer at 9. This one-sentence recitation, that fails to specify any factual basis for the defense, is insufficient under Rule 8. *Cf. Williams*, 2021 WL 9181936, at *5 (striking "failure of consideration" defense); *Facebook, Inc. v. Rankwave Co.*, No. 19-cv-03738-JST, 2020 WL 4460550, at *2–3 (N.D. Cal. May 1, 2020) (striking "lack of consideration" defense where defendant "failed to plead any facts to put [plaintiff] on notice of the basis of this affirmative defense").

Accordingly, the Court **STRIKES** Affirmative Defense No. 15 and **GRANTS** Defendants leave to amend this defense.

### 8. Affirmative Defense #16: Statute Of Limitations

Meta argues that Affirmative Defense No. 16 is insufficiently pleaded because "Defendants do not identify what statute of limitations supposedly bars the claims." Mot. at 6:25–26. Defendants contend that this defense is one that by its very name provides fair notice. Opp. at 9:19–23.

Here, Affirmative Defense No. 16 states: "Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation." Answer at 10. This bare reference to the statute of limitations, without any discussion of how it might apply to this case, is insufficient under Rule 8. *Cf. Fishman*, 2018 WL 4468680, at *3 (striking statute of limitations defense where defendant did not point plaintiff to the "allegedly applicable statute"). And contrary to Defendants' assertion, the "specific statutes of limitations applicable to each claim" are not "matters to be developed in discovery." Opp. at 9:21–23; *see Murphy*, 2017 WL 235193, at *3 (striking statute of limitations defense where "defendant neither cites a particular statute nor references particular dates").

Accordingly, the Court **STRIKES** Affirmative Defense No. 16 and **GRANTS** Defendants leave to amend this defense.

### 9.    Affirmative Defense #17:  Laches

Meta argues that Affirmative Defense No. 17 is insufficiently pleaded because "Defendants do not allege any basis for the assertion of unreasonable delay or what prejudice resulted to Defendants." Mot. at 7:1–3.  Meta further argues that this defense is not pleaded with particularity as required under Rule 9(b). *Id.* at 7:19–23.  Defendants contend that this defense need not be pleaded with particularity; however, Defendants do not respond to Meta's arguments under Rule 8.  Opp. at 9:6–11; *see* Reply 5:19–25.

Here, Affirmative Defense No. 17 states:  "Plaintiff's claims are barred by laches due to unreasonable delay and resulting prejudice."  Answer at 10.  This bare reference to the doctrine of laches, without any discussion of how it might apply to this case, is insufficient under Rule 8.  *Cf. Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016) (striking laches defense as "not sufficiently pleaded, as Defendant provides no factual or legal explanation of the claims").

Accordingly, the Court **STRIKES** Affirmative Defense No. 17 and **GRANTS** Defendants leave to amend this defense.

### 10.    Affirmative Defense #18:  Intervening And Superseding Causes

Meta argues that Affirmative Defense No. 18 is insufficiently pleaded because "Defendants do not allege what intervening or superseding events were supposedly beyond the Answering Defendants' control." Mot. at 7:4–6.  Defendants contend that this defense is one that by its very name provides fair notice.  Opp. at 9:19–23.

Here, Affirmative Defense No. 18 states:  "Plaintiff's alleged damages were caused by intervening or superseding events beyond Answering Defendants' control."  Answer at 10.  This bare reference to intervening and superseding causes, without any discussion of how it might apply to this case, is insufficient under Rule 8.  *Cf. Espitia*, 2019 WL 359422, at *3 (striking proximate causation defense where defendants failed "to identify any third parties or intervening or superseding conduct of third parties on which they base this defense").

Accordingly, the Court **STRIKES** Affirmative Defense No. 18 and **GRANTS** Defendants leave to amend this defense.

### 11. Affirmative Defense #21: First Amendment / Lawful Speech

Meta argues that Affirmative Defense No. 21 is insufficiently pleaded because "Defendants do not allege how removing Defendants from [Meta's] platforms due to the commission of fraud in violation of the contractual terms the Defendants agreed to impermissibly restrain lawful speech." Mot. at 7:8–12. Defendants contend that this defense "must be preserved to ensure the Court considers constitutional limitations on the scope of any injunctive remedy." Opp. at 9:24–10:1.

Here, Affirmative Defense No. 21 states: "To the extent Plaintiff seeks to restrict advertising or communications, such relief would impermissibly restrain lawful speech." Answer at 10. This one-sentence recitation, which fails to specify any factual basis for the defense, is insufficient under Rule 8. *Cf. Polk v. Legal Recovery L. Offs.*, 291 F.R.D. 485, 492 (S.D. Cal. 2013) (striking First Amendment defense because "[d]efendants provide no basis for these claims in their answers, and a reference to a doctrine is insufficient notice") (cleaned up). Defendants assert that this defense protects against an overbroad injunction. Opp. at 9:24–10:1. But injunction overbreadth is not a proper affirmative defense. *See Rutherford v. Evans Hotels, LLC*, No. 18-CV-435-JLS(MSB), 2019 WL 1900889, at *4 (S.D. Cal. Apr. 29, 2019) (striking "Defendant's affirmative defenses for vague, overbroad, and unduly subjective and no injunctive relief" because they are not affirmative defenses).

Accordingly, the Court **STRIKES** Affirmative Defense No. 21 and **GRANTS** Defendants leave to amend this defense.

### 12. Affirmative Defense #24: Comparative Fault

Meta argues that Affirmative Defense No. 24 is insufficiently pleaded because "Defendants allege no acts or omissions by [Meta] that supposedly caused or contributed to [Meta's] damages." Mot. at 7:13–15. Defendants contend that this defense provides "fair notice of legal doctrines that may affect the scope of liability and damages as the factual record develops." Opp. at 10:2–7.

United States District Court
Northern District of California

Here, Affirmative Defense No. 24 states: "Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own acts or omissions." Answer at 11. This bare reference to the doctrine of comparative fault, without any discussion of how it might apply to this case, is insufficient under Rule 8. *Cf. Fishman*, 2018 WL 4468680, at \*4 (striking comparative fault defense where defendant did "not indicate what conduct by plaintiff or third parties allegedly caused the damages")

Accordingly, the Court **STRIKES** Affirmative Defense No. 24 and **GRANTS** Defendants leave to amend this defense.

### 13. Affirmative Defense #26: Preemption

Meta argues that Affirmative Defense No. 26 is insufficiently pleaded because "Defendants do not identify what federal law(s) supposedly bar [Meta's] claims." Mot. at 7:16–17. Defendants contend that this defense provides "fair notice of legal doctrines that may affect the scope of liability and damages as the factual record develops." Opp. at 10:2–7.

Here, Affirmative Defense No. 26 states: "Plaintiff's claims are barred, in whole or in part, by federal law governing online platforms and electronic commerce." Answer at 11. Defendants argue that they may "assert federal preemption" to defend against Meta's state law theories "that conflict with or are displaced by federal law governing online platforms or computer related conduct." Opp. at 10:4–7. While that may be true, Defendants' bare reference to preemption, without any discussion of how it might apply to this case, is insufficient under Rule 8. *Cf. Hartford*, 313 F.R.D. at 576–77 (striking preemption defense where "defendant does not explain the basis for preemption").

Accordingly, the Court **STRIKES** Affirmative Defense No. 26 and **GRANTS** Defendants leave to amend this defense.

United States District Court
Northern District of California

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Meta's Motion to Strike Affirmative Defenses.  If Defendants choose to amend any of the defenses for which leave to amend has been granted, Defendants must file an amended answer no later than April 16, 2026.

**IT IS SO ORDERED.**

Dated: March 25, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

22