James Cai (SBN 200189)
jcai@sacattorneys.com
Airene Williamson (SBN277101)
awilliamson@sacattorneys.com
SAC Attorneys, LLP
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Defendants
PERFEOS LLC d/b/a SHOT AT MARS,
a Florida limited liability company; ANTONIO JOSE LIEVANO,
an individual; and JOT & JOURNEYS aka JOT & JOURNEY, an unincorporated
Florida business

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC., a Delaware corporation<br><br>                                        Plaintiff,<br><br>v.<br><br>JUDANG TEAM LLC, a Florida limited liability company; PERFEOS LLC d/b/a SHOP AT MARS, a Florida limited liability company; JOT & JOURNEYS,  a Florida business; and ANTONIO JOSE LIEVANO, an individual,<br><br>                                        Defendants | Case No.: 3:25-CV-05156-TSH<br><br>**FIRST AMENDED ANSWER OF DEFENDANTS PERFEOS LLC d/b/a SHOP AT MARS, ANTONIO JOSE LIEVANO, and JOT & JOURNEYS aka JOT & JOURNEY**<br><br>(Demand for Jury Trial) |

Defendants PERFEOS LLC d/b/a SHOP AT MARS ("Perfeos"), ANTONIO JOSÉ LIÉVANO ("Liévano"), and JOT & JOURNEYS aka JOT & JOURNEY ("J&J") (collectively, "Answering Defendants"), by and through counsel, submit

Answer– Page 1

this First Amended Answer to Plaintiff Meta Platforms, Inc.'s Complaint, pursuant to the Court's Order Granting Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 88), dated March 25, 2026. Except as expressly admitted, all allegations are denied.

## GENERAL DENIALS

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Answering Defendants deny each and every allegation of the Complaint not expressly admitted herein and deny that Plaintiff is entitled to any relief whatsoever.

## INTRODUCTION

1. Answering Defendants deny the allegations in Paragraph 1.

2. Answering Defendants deny the allegations, including any allegation of fraud, bait-and-switch practices, subscription fraud, or use of false financial documents in Paragraph 2.

3. Answering Defendants admit that Plaintiff operates Facebook and Instagram and enforces platform rules but deny that Answering Defendants violated any enforceable terms or continued use in violation of such terms in Paragraph 3.

**PARTIES**

4. Answering Defendants admit that Plaintiff Meta Platforms, Inc., is a Delaware corporation with its principal place of business in California in Paragraph 4.

5. Answering Defendants lack sufficient information to admit or deny the allegations regarding Judang Team LLC and therefore deny them in Paragraph 5.

6. Answering Defendants admit that Perfeos LLC is a Florida limited liability company. All remaining allegations are denied in Paragraph 6.

7. Answering Defendants admit that Jot & Journeys is an unincorporated business operated in Florida. All remaining allegations are denied in Paragraph 7.

8. Answering Defendants admit that Liévano is a Florida resident. All remaining allegations are denied in Paragraph 8.

9. Answering Defendants deny the allegations of agency, conspiracy, joint venture, aiding and abetting, or alter-ego liability in Paragraph 9.

**JURISDICTION AND VENUE**

10. Answering Defendants lack sufficient information to admit or deny Plaintiff's jurisdictional allegations and therefore deny them in Paragraph 10.

11. Answering Defendants deny that personal jurisdiction is proper as alleged and reserve all jurisdictional objections in Paragraph 11.

12. Answering Defendants deny the allegations in Paragraph 12.

Answer– Page 3

13. Answering Defendants deny the allegations in Paragraph 13.

14. Answering Defendants deny the allegations in Paragraph 14.

## FACTUAL ALLEGATIONS

15. Answering Defendants admit generally that Meta operates Facebook but deny the remaining allegations in Paragraph 15.

16. Answering Defendants admit generally that Meta operates Instagram but deny the remaining allegations in Paragraph 16.

17. Answering Defendants admit generally that Meta operates WhatsApp but deny the remaining allegations in Paragraph 17.

18. Answering Defendants admit generally that Meta offers business and advertising services but deny the remaining allegations in Paragraph 18.

## ADVERTISING ON FACEBOOK AND INSTAGRAM

19. Answering Defendants admit generally that businesses may advertise on Facebook and Instagram but deny the remaining allegations in Paragraph 19.

20. Answering Defendants admit that advertising is subject to terms and policies but deny any violation as alleged in Paragraph 20.

21. Answering Defendants admit generally that Meta offers advertising credit lines but deny the remaining allegations in Paragraph 21.

22. Answering Defendants admit that Meta conducts internal ad reviews but deny the remaining allegations in Paragraph 22.

Answer– Page 4

23. Answering Defendants admit that Meta may take enforcement actions but deny that any such actions were justified as alleged in Paragraph 23.

24. Answering Defendants admit generally that Facebook Pages exist but deny the remaining allegations in Paragraph 24.

25. Answering Defendants admit generally that Page administrators may create advertisements but deny the remaining allegations in Paragraph 25.

26. Answering Defendants admit generally that Page administrators may moderate content but deny the remaining allegations in Paragraph 26.

## META'S AND INSTAGRAM'S TERMS AND POLICIES

27. Answering Defendants admit that Meta publishes terms of service but deny the remaining allegations in Paragraph 27.

28. Answering Defendants deny the allegations in Paragraph 28.

29. Answering Defendants deny the allegations in Paragraph 29.

30. Answering Defendants deny the allegations in Paragraph 30.

31. Answering Defendants deny the allegations in Paragraph 31.

32. Answering Defendants admit that Instagram publishes terms of use but deny the remaining allegations in Paragraph 32.

33. Answering Defendants deny the allegations in Paragraph 33.

34. Answering Defendants deny the allegations in Paragraph 34.

35. Answering Defendants deny the allegations in Paragraph 35.

Answer– Page 5

36. Answering Defendants admit generally that Meta Commercial Terms exist but deny the remaining allegations in Paragraph 36.

37. Answering Defendants deny the allegations in Paragraph 37.

38. Answering Defendants deny the allegations in Paragraph 38.

39. Answering Defendants admit that advertising standards exist but deny the remaining allegations in Paragraph 39.

40. Answering Defendants deny the allegations in Paragraph 40.

41. Answering Defendants admit that self-service advertising terms exist but deny the remaining allegations in Paragraph 41.

42. Answering Defendants deny the allegations in Paragraph 42.

43. Answering Defendants deny the allegations in Paragraph 43.

44. Answering Defendants deny the allegations in Paragraph 44.

45. Answering Defendants deny the allegations in Paragraph 45.

46. Answering Defendants deny the allegations in Paragraph 46.

47. Answering Defendants admit that Liévano maintained Facebook accounts but deny the remaining allegations in Paragraph 47.

48. Answering Defendants admit that Liévano maintained Instagram accounts but deny the remaining allegations in Paragraph 48.

49. Answering Defendants deny the allegations in Paragraph 49.

50. Answering Defendants deny the allegations in Paragraph 50.

51. Answering Defendants deny the allegations in Paragraph 51.

52. Answering Defendants deny the allegations in Paragraph 52.

53. Answering Defendants deny the allegations in Paragraph 53.

54. Answering Defendants deny the allegations in Paragraph 54.

55. Answering Defendants deny the allegations in Paragraph 55.

56. Answering Defendants deny the allegations in Paragraph 56.

57. Answering Defendants deny the allegations in Paragraph 57.

58. Answering Defendants deny the allegations in Paragraph 58.

59. Answering Defendants deny the allegations in Paragraph 59.

60. Answering Defendants deny the allegations in Paragraph 60.

61. Answering Defendants deny the allegations in Paragraph 61.

62. Answering Defendants deny the allegations in Paragraph 62.

63. Answering Defendants deny the allegations in Paragraph 63.

64. Answering Defendants deny the allegations in Paragraph 64.

65. Answering Defendants deny the allegations in Paragraph 65.

66. Answering Defendants deny the allegations in Paragraph 66.

67. Answering Defendants deny the allegations in Paragraph 67.

68. Answering Defendants deny the allegations in Paragraph 68.

## ENFORCEMENT ACTIONS

69. Answering Defendants admit that Meta took certain enforcement actions but deny the remaining allegations in Paragraph 69.

70. Answering Defendants deny the allegations in Paragraph 70.

71. Answering Defendants deny the allegations in Paragraph 71.

72. Answering Defendants deny the allegations in Paragraph 72.

73. Answering Defendants deny the allegations in Paragraph 73.

74. Answering Defendants deny the allegations in Paragraph 74.

## CAUSES OF ACTION

75. First Cause of Action – Breach of Contract (¶¶ 75–84). Answering Defendants deny each and every allegation in Paragraphs 75 through 84 and deny that Plaintiff suffered damages or is entitled to injunctive relief.

76. Second Cause of Action – Fraud (¶¶ 85–91). Answering Defendants deny each and every allegation of fraud in Paragraphs 85 through 91, including misrepresentation, intent, reliance, and damages.

## RESPONSE TO PRAYER FOR RELIEF

Answering Defendants deny all remaining allegations not specifically admitted herein and deny that Plaintiff is entitled to any of the relief it has requested.

Answer– Page 8

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred or reduced, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate its alleged damages. Plaintiff operates sophisticated, real-time advertising and payment systems and employs extensive technical, compliance, and risk-management resources capable of identifying, restricting, and terminating advertising accounts and associated credit lines upon detection of suspected policy violations or nonpayment. Despite Plaintiff's alleged awareness of purported misconduct beginning in or around the timeframe alleged in the Complaint, Plaintiff continued for an extended period to approve advertising submissions, extend additional advertising credit, permit continued platform access, and deliver paid impressions, thereby allowing the very charges and exposure it now seeks to recover to accrue. Plaintiff also failed to timely demand payment, suspend accounts, revoke credit lines, or invoke available contractual remedies such as the offsetting, holdback, or cessation of services, and failed to take timely action on internal fraud or abuse signals. Had Plaintiff taken such commercially reasonable measures, its alleged damages would have been avoided, minimized, or substantially reduced.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff, with knowledge of the facts it now claims constitute violations of its terms, voluntarily and intentionally relinquished its right to enforce those terms against Answering Defendants. Plaintiff waived any right to declare a default, suspend services, or recover the amounts now claimed by, among other things: (a) continuing to approve and serve advertisements submitted by Answering Defendants after Plaintiff had reviewed, flagged, or otherwise been on notice of the content and performance data concerning those advertisements; (b) extending additional advertising credit and increasing credit limits after such notice; (c) accepting the benefits of the parties' course of dealing, including revenues from advertising activity, without contemporaneous objection; (d) issuing invoices, reminders, and communications inconsistent with a claim of breach or fraud; and (e) continuing to permit Answering Defendants' access to Facebook, Instagram, and associated business tools for an extended period notwithstanding the conduct Plaintiff now characterizes as wrongful. By this conduct, Plaintiff manifested an intent to forgo the rights it now seeks to assert.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is estopped from asserting its claims by its own acts, omissions, representations, and course of dealing. Through its ad-review approvals,

Answer– Page 10

acceptance of submitted creative and landing-page content, issuance and periodic increase of advertising credit lines, continued acceptance of business from Answering Defendants over an extended period, and ongoing communications regarding account status, Plaintiff represented expressly and by conduct that Answering Defendants' advertising activity, account documentation, and payment arrangements were acceptable and compliant. Answering Defendants reasonably and foreseeably relied on Plaintiff's representations and conduct in continuing to advertise on Plaintiff's platforms, in making business and operational commitments, in incurring costs of goods, fulfillment, staffing, and commissions, and in forgoing alternative advertising channels. It would be inequitable to permit Plaintiff, after inducing such reliance, to now repudiate its own conduct and pursue the claims asserted in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's equitable claims and requests for equitable relief are barred by the doctrine of unclean hands due to Plaintiff's own inequitable conduct directly related to the subject matter of this action. Such conduct includes, without limitation: (a) approving, hosting, and profiting from the very advertisements Plaintiff now contends were improper, while simultaneously representing to advertisers that its review systems protect against noncompliant content; (b)

Answer– Page 11

extending and periodically increasing advertising credit lines without the diligence Plaintiff now claims would have revealed alleged irregularities; (c) selectively enforcing its policies in a manner inconsistent with how Plaintiff treated similarly situated advertisers; (d) delaying enforcement action in order to continue collecting advertising revenue; and (e) failing to provide timely or adequate notice, explanation, or opportunity to cure before taking adverse action. Plaintiff's own conduct in connection with the transactions at issue bars the equitable relief it seeks.

**FIFTH AFFIRMATIVE DEFENSE**
**(Contractual Defenses)**

Plaintiff's breach of contract claim is barred, reduced, or otherwise limited, in whole or in part, by the express terms, limitations, disclaimers, and conditions of the agreements Plaintiff itself pleads as the basis for that claim, including Meta's Terms of Service, Instagram's Terms of Use, the Meta Commercial Terms, the Self-Serve Ad Terms, the Online Invoicing Terms, and the Advertising Standards. Those agreements contain, among other things: limitation-of-liability and exclusion-of-consequential-damages provisions that cap or preclude the categories of damages Plaintiff seeks; provisions making certain ad-review, approval, and enforcement actions discretionary with Plaintiff, which foreclose the interpretations underlying Plaintiff's breach theory; provisions governing

Answer– Page 12

invoicing, dispute, chargeback, and credit-line termination procedures that Plaintiff did not follow; and integration, modification, and notice provisions that limit the scope of the alleged agreement Plaintiff now seeks to enforce. To the extent Plaintiff relies on those agreements, it is bound by their terms, including those that bar or limit the relief it seeks.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Mutual Assent / Unconscionability)

No enforceable contract existed as alleged by Plaintiff because of a lack of mutual assent, unconscionability, and unilateral modification of terms by Plaintiff. The instruments Plaintiff relies upon, including the Terms of Service, Advertising Policies, Self-Serve Ad Terms, and Online Invoicing Terms, are standardized, non-negotiated, click-through documents drafted unilaterally by Plaintiff and presented on a take-it-or-leave-it basis. Plaintiff expressly reserves the right in those documents to change their terms at any time, without meaningful notice or the opportunity to reject the changes while continuing to use services for which Answering Defendants had already paid or committed resources. The material terms Plaintiff now seeks to enforce including terms governing liability, credit lines, enforcement discretion, and remedies were altered one or more times during the alleged course of dealing without meaningful assent by Answering Defendants. These circumstances reflect both procedural unconscionability (adhesion, surprise,

Answer– Page 13

and unilateral revision) and substantive unconscionability (one-sided allocation of risk and remedies). Accordingly, the provisions on which Plaintiff relies are unenforceable or must be limited, and no meeting of the minds occurred with respect to the terms Plaintiff seeks to apply.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure of Consideration)**

Plaintiff's breach of contract claim is barred, in whole or in part, by failure of consideration. Under the agreements Plaintiff itself invokes, Plaintiff was obligated, in exchange for Answering Defendants' payment and agreement to abide by platform rules, to deliver advertising services in accordance with specified terms, including delivering the advertising impressions, placements, and targeting represented and invoiced, honoring the billing, credit, and dispute-resolution procedures set forth in the Self-Serve Ad Terms and Online Invoicing Terms, and providing continued access to the advertising platforms. Plaintiff failed to deliver the promised consideration in whole or in material part by, among other things: (a) failing to deliver advertising impressions and performance consistent with the amounts invoiced and the terms represented, including with respect to invalid, bot-generated, or non-qualifying impressions; (b) unilaterally terminating access to Facebook, Instagram, and related business tools without following the agreed procedures; (c) failing to issue credits, refunds, or adjustments mandated by

Answer– Page 14

its own terms for disputed or non-delivered ad spend; and (d) altering or withdrawing features and services on which the parties' bargain depended. As a result, the consideration that would have supported the obligations Plaintiff now seeks to enforce against Answering Defendants has failed.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations. Plaintiff's fraud cause of action is subject to the three-year statute of limitations set forth in California Code of Civil Procedure section 338(d). Plaintiff's breach of contract cause of action, to the extent based on any alleged oral or implied-in-fact obligation, is subject to the two-year statute of limitations set forth in California Code of Civil Procedure section 339, and, to the extent based on an alleged written contract, is subject to the four-year statute of limitations set forth in California Code of Civil Procedure section 337. Plaintiff's allegations indicate that Plaintiff had actual or inquiry notice of the facts underlying its claims substantially before the date on which the Complaint was filed, including through its ongoing ad-review, billing, risk-management, and compliance processes. To the extent any of Plaintiff's claims arise from events, invoices, credit-line extensions, or alleged representations that occurred outside the applicable limitations period, measured from the date on which Plaintiff discovered or, with reasonable

Answer– Page 15

diligence, should have discovered the alleged facts, those claims are time-barred in whole or in part.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims for equitable relief are barred by the doctrine of laches due to Plaintiff's unreasonable delay in asserting its rights and the resulting prejudice to Answering Defendants. Plaintiff, through its compliance, risk, billing, and ad-review operations, had actual or constructive notice of the ad content, account activity, invoicing history, and financial documentation that it now challenges, yet delayed taking action or filing suit for a period that is unreasonable under the circumstances. During that period of delay, Plaintiff continued to accept advertising submissions, deliver impressions, extend credit, and otherwise transact with Answering Defendants. The delay has prejudiced Answering Defendants by, among other things: (a) causing the loss, degradation, or unavailability of evidence, including platform records, communications, and ad-performance data maintained by Plaintiff and third parties; (b) causing Answering Defendants to incur additional business expenses, commitments, and fulfillment costs in reliance on continued platform access; (c) causing witnesses' memories of the relevant events to fade; and (d) depriving Answering Defendants of a timely opportunity to address,

dispute, or cure the matters Plaintiff now raises. In the circumstances, it would be inequitable to allow Plaintiff to obtain the equitable relief it seeks.

## TENTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding Causes)

Plaintiff's alleged damages, if any, were caused in whole or in part by intervening or superseding events not attributable to Answering Defendants and beyond their control, which break any chain of causation between Answering Defendants' alleged conduct and Plaintiff's claimed injury. Such events include, without limitation: (a) acts, omissions, and independent business decisions of third-party payment processors, banks, and card issuers (including PayPal, Bank of America, and American Express) with respect to the authorization, clearing, chargeback, and settlement of the transactions at issue; (b) acts and omissions of third-party vendors, contractors, suppliers, fulfillment partners, customer-service providers, and independent social-media managers; (c) fluctuations in consumer behavior, ad-market conditions, and platform auction dynamics that affected the delivery, price, and performance of the ads at issue; (d) Plaintiff's own independent decisions regarding ad review, credit extension, account suspension, and enforcement; and (e) conduct of consumers, competitors, and other end users of Plaintiff's platforms. Any such events were unforeseeable to, and not controlled

by, Answering Defendants and operated as intervening and superseding causes of any harm Plaintiff alleges.

## ELEVENTH AFFIRMATIVE DEFENSE
### (First Amendment / Lawful Speech)

To the extent Plaintiff seeks injunctive relief that would restrict Answering Defendants' commercial advertising, product descriptions, marketing communications, or other speech on Plaintiff's platforms or elsewhere, such relief would impermissibly restrain lawful speech in violation of the First Amendment to the United States Constitution and Article I, section 2 of the California Constitution. Answering Defendants' challenged communications consist primarily of commercial speech regarding lawful products and services, which is protected from overbroad or content-based restriction. Plaintiff's requested injunction is not narrowly tailored to any proven harm and would sweep in speech that is truthful, non-misleading, and concerns lawful activity. Any injunctive remedy must, at a minimum, be limited to specifically identified communications that are false and misleading, and must be narrowly drawn to avoid burdening constitutionally protected speech; the broad, prospective restrictions Plaintiff seeks do not satisfy that standard.

Answer– Page 18

## TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own acts or omissions and must be reduced or barred accordingly. Plaintiff's negligent or otherwise blameworthy conduct includes, without limitation: (a) failing to implement or follow reasonable know-your-customer, credit-underwriting, and financial-statement-verification procedures before extending and increasing advertising credit lines; (b) approving ad creative and landing pages through Plaintiff's own ad-review systems that Plaintiff now contends were improper; (c) failing to apply its own published fraud-detection, risk-scoring, and enforcement policies in a timely or consistent manner; (d) continuing to provide services and extend credit after Plaintiff's systems generated warning signals concerning the accounts at issue; and (e) failing to promptly notify Answering Defendants of any concerns, thereby foreclosing the opportunity to address or cure them. Plaintiff's comparative fault proximately caused or contributed to any harm it alleges, and any recovery must be reduced in proportion to Plaintiff's share of responsibility.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's state-law claims are barred, in whole or in part, by federal law. To the extent Plaintiff's claims seek to impose liability for, or obtain injunctive relief regulating, the creation, hosting, dissemination, or moderation of third-party

Answer– Page 19

content on interactive computer services, such claims are preempted or foreclosed by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which provides that no provider or user of an interactive computer service shall be treated as the publisher or speaker of information provided by another information content provider, and which expressly preempts inconsistent state-law causes of action. To the extent Plaintiff's claims seek to impose obligations on payment processing, electronic funds transfers, or credit arrangements that are governed by federal law, including the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., and implementing regulations, such claims are preempted to the extent they conflict with or are displaced by that federal scheme. Plaintiff's attempt to use state-law contract and fraud theories to regulate content and conduct that federal law addresses is accordingly barred or limited.

Answering Defendants have asserted the foregoing affirmative defenses based on information presently available after reasonable inquiry. Answering Defendants do not by this Amended Answer waive any right to seek leave of Court pursuant to Federal Rule of Civil Procedure 15 to amend their pleadings should discovery or further investigation disclose the existence of additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants pray for judgment as follows:

Answer– Page 20

1. That the Court enter judgment dismissing the Complaint with prejudice and that Plaintiff take nothing by way of its Complaint;

2. That Answering Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees to the extent permitted by contract or law; and

3. That Answering Defendants be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Answering Defendants hereby demand a trial by jury of all issues so triable.

Dated: April 16, 2026                SAC ATTORNEYS, LLP

By: */s/ Airene Williamson*
James Cai, Esq.
Airene Williamson, Esq.
Attorneys for Defendants
PERFEOS LLC d/b/a SHOP AT MARS,
ANTONIO JOSÉ LIÉVANO, and
JOT & JOURNEYS aka JOT & JOURNEY

Answer– Page 21

## CERTIFICATE OF SERVICE
## USING CM/ECF AND BY U.S. MAIL

I am over the age of 18 and not a party to this case. My business address is: 1754 Technology Drive., Suite 122, San Jose, CA 95110.

I have caused the service of:

**DEFENDANTS PERFEOS LLC d/b/a SHOP AT MARS, ANTONIO JOSÉ LIÉVANO, and JOT & JOURNEYS aka JOT & JOURNEY OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**

I hereby certify that on March 12, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court District Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

| Attorneys | Parties |
|---|---|
| JESSICA I. ROTHSCHILD, SBN 278712<br>STEPTOE LLP<br>1330 Connecticut Ave., NW<br>Washington, DC 20036<br>Email: jrothschild@steptoe.com<br><br>One Market Plaza<br>Steuart Tower, 10th floor, Suite 1070<br>San Francisco, CA 94105<br>415 365 6700<br><br>CHRISTOPHER S. NIEWOEHNER<br>(admitted pro hac vice)<br>STEPTOE LLP<br>227 W. Monroe, Suite 4700<br>Chicago, IL 60606<br>312 577 1240<br>Emai: cniewoehner@steptoe.com | *Attorneys for Plaintiff META PLATFORMS, INC., a Delaware Corporation* |

Answer– Page 22

Additionally, on the date set forth below, I served the foregoing documents on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

JUDANG TEAM LLC
1915 NE 2OTH AVE
FORT LAUDERDALE, FL 33305

☒　　**(BY MAIL)**

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, mail is deposited in the United States Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancelation date or postage meter date is more than one day after the date of deposit for mailing set forth herein.

☒　　**(STATE)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 16, 2026, San Jose, California

_/s/ Christina Ayala_
CHRISTINA AYALA

Answer– Page 23